**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
——————————————————————    **Case #**

**MICHAEL PADMORE and**
**BEATRIZ MERCADO**
**on behalf of himself and herself and**
**all other similarly situated consumers**

**Plaintiff,**

**-against-**

**MILLER & MILONE, P.C.**

**Defendant.**
——————————————————————

**<u>CLASS ACTION COMPLAINT</u>**
**<u>JURY TRIAL DEMANDED</u>**

1. Plaintiffs MICHAEL PADMORE and BEATRIZ MERCADO seeks redress for the

illegal practices of MILLER & MILONE, P.C., concerning the collection of debts, in violation of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

**<u>PARTIES</u>**

2. Each Plaintiff is a citizen of the State of New York who resides within this District.

3. Each Plaintiff  is a consumer as that term is defined by Section 1692(a)(3) of the

FDCPA, in that the alleged debt that Defendant sought to collect from each Plaintiff is a

consumer debt and each Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in *Garden City, NY*.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair

or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA simultaneously advances two objectives: it protects vulnerable citizens, while promoting a competitive marketplace. 15 U.S.C. § 1692(e). The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993). In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).

10. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S. Ct. 1605,1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted); Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 996 (3d Cir. 2011).

11. Congress had found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act." Lesher, 650 F.3d at 997.

12.  Thus, the intended effect of these private enforcement actions was not only to reduce the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy caused by abusive, deceptive, and unfair debt collection practices but, simultaneously, to promote a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

13.  "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve 'the right to be treated in a reasonable and civil manner.'" FTC, supra, 502 F.3d at 165 (emphasis added) quoting Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324 (7th Cir. 1997).

14.  The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," Brown v. Card Serv. Ctr, 464 F.3d 450, 453n1 (3d Cir. 2006). Thus, by way of example, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." Id. at 455. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).

15.  "Congress also intended the FDCPA to be self-enforcing by private attorney generals." Weiss v. Regal Collections, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Services, Inc., 516 F.3d 85, 91 (2d Cir. 2008); and, see, Gonzales v. Arrow Fin. Services, LLC, 660 F.3d 1055 (9th Cir. 2011). Thus, "the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

16.  Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that section. 15 U.S.C. § 1692e(1)-(16). That list includes:

Communications from a law firm without there being

meaningful attorney involvement, 15 U.S.C. §

1692e(3); and


Using any false representation or deceptive means to

collect or attempt to collect any debt or to obtain

information concerning a consumer, 15 U.S.C. §

1692e(10).


18.  Liability under the FDCPA is excused only when a debt collector establishes, as an

affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide

error notwithstanding the maintenance of procedures reasonably adapted to avoid any such

error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any

advisory opinion of the" Federal Trade Commission, 16 U.S.C. § 1692k(e). Thus, common law

privileges and immunities are not available to absolve a debt collector from liability under the

FDCPA. See, Heintz v. Jenkins, 514 U.S. 21, (1995); Allen ex rel. Martin v. LaSalle Bank, N.A.,

629 F.3d 364, 369 (3rd Cir. 2011); and  Sayyed v. Wolpoff  & Abramson, 485 F. 3d 236, 232-

233 (4th Cir. 2007).


19.  Liability under the FDCPA arises upon the showing of a single violation.  Taylor v.

Perrin, Landry, deLaunay & Durand, 103  F.3d 1232, 1238 (5th Cir. 1997); Bentley v. Great

Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993).

20.  A debt collector who violates any provision of the FDCPA is liable for any actual damages, "additional damages" (also called "statutory damages"), and attorney's fees and costs. 15 U.S.C. § 1692k(a). Indeed, "the FDCPA permits and encourages parties who have suffered no loss to bring civil actions for statutory violations."  Jacobson, supra,  516 F.3d at 96.

21.  The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation.  Heintz v. Jenkins, 514 U.S. 291 (1995). The FDCPA creates no exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys.  Id. For example, there is no "litigation privilege" for debt collecting attorneys. Sayyed v. Wolpoff & Abramson, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and  their litigation activities must comply with the requirements of that Act."  Piper v. Portnoff Law Associates, 396 F.3d 227, 232 (3d Cir. 2005) (emphasis added).

## Jurisdiction and Venue

22. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## Nature Of The Action

24. Each Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by each Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. §1692, et seq.

25. Defendant's actions violated §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

26. Each Plaintiff is seeking damages, and declaratory and injunctive relief.

## Violations Of The Fair Debt Collection Practices Act
## Allegations Particular to Each Plaintiff

27. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from each Plaintiff.

28. On or about June 18, 2017, Defendant sent Plaintiff Michael Padmore, a collection letter attached as *Exhibit A*, which was an initial communication sent by the Defendant, and received by the Plaintiff, Michael Padmore.

29. On or about June 18, 2017 Defendant sent Plaintiff, Michael Padmore a collection letter attached as *Exhibit A* seeking to collect a balance allegedly incurred for personal purposes.

30. On or about December 13, 2017, Defendant sent Plaintiff, Beatriz Mercado a collection letter attached as *Exhibit B*, which was an initial communication sent by the Defendant, and received by the Plaintiff, Beatriz Mercado.

31. On or about December 13, 2017, Defendant sent Plaintiff, Beatriz Mercado a collection letter attached as *Exhibit B* seeking to collect a balance allegedly incurred for personal purposes.

## <u>First Count – Plaintiff Michael Padmore<br>Violation of 15 U.S.C. § 1692(e), 1692(e)(3),<br>and 1692(e)(10)</u>

32. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

33.     15 U.S.C. § 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. The collection letter that the defendant sent to the Plaintiff, was a generic letter that listed on the firm letterhead that the letter was from the law firm of Miller & Milone, P.C..

35. The letter by the defendant created the following false and/or misleading impression to the least sophisticated consumer:

(a) that the letter was from a law firm.

(b) that the defendant was providing legal representation to the Creditor.

(c) that defendant had fully reviewed plaintiff's file.

(d) that defendant had fully evaluated the Creditor's legal claim which it had determined to be valid.

(e) that the matter had now escalated to the point that the defendant determined that legal action was necessary and imminent, and that legal action and post judgment enforcement would now be necessary.

36. In fact, said letter was sent upon information and belief, by someone who was not an attorney at all. Said letter was unsigned, and in fact the matter was being handled on behalf of the defendant, by a non-attorney debt collector, "Account Representative: Hector Rivera III, Ext. 231".

37. upon information and belief:

>   (i) no attorney reviewed the letter prior to them being mailed;

>   (ii) no attorney reviewed Plaintiff's account prior to the letter being mailed;

>   (iii) no attorney meaningfully reviewed the Plaintiff's file or otherwise made a reasoned, professional judgment that the amounts sought on the form letter were owed by the Plaintiff and that the Plaintiff was actually delinquent on these alleged debts;

>   (iv) Defendant was not acting in a legal capacity as a law firm when it mailed out the letter.

38. The collection letter created the false and misleading impression that the communications were from an attorney when, in fact, they were not really `from' an attorney in any meaningful sense of the word. While said letter gives the semblance that an attorney meaningfully reviewed the Plaintiff's file and had made a reasoned, professional judgment that the amounts sought on the form letter was owed by the Plaintiff, and that the Plaintiff was

actually delinquent on these alleged debts, and that legal action was forthcoming, in fact, said action was never undertaken by the defendant. Instead said collection letter was sent by someone who was not an attorney at all, and who could not provide a reasoned, professional judgment required in order to make a determination necessary to generate the collection letter.

39. Defendant sends out so many collection letters, that it is either physically impossible or so highly improbably Defendant has read the collection letter, the Plaintiff's file, the underlying legal documents, or otherwise made a sufficient inquiry from which to conclude that the factual allegations have evidentiary support. In fact, Defendant sends out so many collection letters that it sends them out unsigned, and in the name of a non-attorney debt collector, "Account Representative: Hector Rivera III, Ext. 231". Therefore, Defendant made false representations to collect, or attempt to collect the Debt. (Pursuant to Fed.R.Civ.P. 11, this allegation will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.)

40. The Letter identifies Defendant as "Miller & Milone P.C., Attorneys at Law."

41. A collection letter purporting to be from a law firm is not deceptive so long as it contains a disclaimer such as the following: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account".

42. The Letter contains no disclaimer concerning a lack of "meaningful attorney involvement" in connection with the collection of the debt.

43. Whether an attorney is personally involved in the collection of a debt is material information.

44. The least sophisticated consumer would likely reasonably, but inaccurately, interpret the Letter to mean that an attorney has personally reviewed the particular circumstances of Plaintiff's account.

45. The least sophisticated consumer would likely reasonably, but inaccurately, interpret the Letter to mean that an attorney is personally involved in the attempted collection of Plaintiff's debt.

46. The least sophisticated consumer, because of the aforementioned failures, would likely be deceived by the Letter.

47. The least sophisticated consumer, because of the aforementioned failures, would likely be deceived by the Letter in a material way.

48. As a result of the actions of the Defendant, the defendant committed violations of 15 U.S.C. § 1692e, 1692(e)(3), and 1692(e)(10).

## First Count – Plaintiff BEATRIZ MERCADO
## Violation of 15 U.S.C. § 1692(e), 1692(e)(3),
## and 1692(e)(10)

49. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

50.    15 U.S.C. § 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51. The collection letter that the defendant sent to the Plaintiff, was a generic letter that listed on the firm letterhead that the letter was from the law firm of Miller & Milone, P.C..

52. The letter by the defendant created the following false and/or misleading impression to the least sophisticated consumer:

(a) that the letter was from a law firm.

(b) that the defendant was providing legal representation to the Creditor.

(c) that defendant had fully reviewed plaintiff's file.

(d) that defendant had fully evaluated the Creditor's legal claim which it had determined to be valid.

(e) that the matter had now escalated to the point that the defendant determined that legal action was necessary and imminent, and that legal action and post judgment enforcement would now be necessary.

53. In fact, said letter was sent upon information and belief, by someone who was not an attorney at all. Said letter was unsigned, and in fact the matter was being handled on behalf of the defendant, by a non-attorney debt collector, "Account Representative: Kevin Persaud, Ext. 459".

54. upon information and belief:

(i) no attorney reviewed the letter prior to them being mailed;

(ii) no attorney reviewed Plaintiff's account prior to the letter being mailed;

(iii) no attorney meaningfully reviewed the Plaintiff's file or otherwise made a reasoned, professional judgment that the amounts sought on the form letter were owed by the Plaintiff and that the Plaintiff was actually delinquent on these alleged debts;

(iv) Defendant was not acting in a legal capacity as a law firm when it mailed out the letter.

55. The collection letter created the false and misleading impression that the communications were from an attorney when, in fact, they were not really `from' an attorney in any meaningful sense of the word. While said letter gives the semblance that an attorney meaningfully reviewed the Plaintiff's file and had made a reasoned, professional judgment that the amounts sought on the form letter was owed by the Plaintiff, and that the Plaintiff was actually delinquent on these alleged debts, and that legal action was forthcoming, in fact, said action was never undertaken by the defendant. Instead said collection letter was sent by someone who was not an attorney at all, and who could not provide a reasoned, professional judgment required in order to make a determination necessary to generate the collection letter.

56. Defendant sends out so many collection letters, that it is either physically impossible or so highly improbably Defendant has read the collection letter, the Plaintiff's file, the underlying legal documents, or otherwise made a sufficient inquiry from which to conclude  that the factual allegations have evidentiary support. In fact, Defendant sends out so many collection letters that it sends them out unsigned, and in the name of a non-attorney debt collector,

"Account Representative: Kevin Persaud, Ext. 459".Therefore, Defendant made false representations to collect, or attempt to collect the Debt.  (Pursuant to Fed.R.Civ.P. 11, this allegation will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.)

57. The Letter identifies Defendant as "Miller & Milone P.C., Attorneys at Law."

58. A collection letter purporting to be from a law firm is not deceptive so long as it contains a disclaimer such as the following: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account".

59. The Letter contains no disclaimer concerning a lack of "meaningful attorney involvement" in connection with the collection of the debt.

60. Whether an attorney is personally involved in the collection of a debt is material information.

61. The least sophisticated consumer would likely reasonably, but inaccurately, interpret the Letter to mean that an attorney has personally reviewed the particular circumstances of Plaintiff's account.

62. The least sophisticated consumer would likely reasonably, but inaccurately, interpret the Letter to mean that an attorney is personally involved in the attempted collection of Plaintiff's debt.

63. The least sophisticated consumer, because of the aforementioned failures, would likely be deceived by the Letter.

64. The least sophisticated consumer, because of the aforementioned failures, would likely be deceived by the Letter in a material way.

65. As a result of the actions of the Defendant, the defendant committed violations of 15 U.S.C. § 1692e, 1692(e)(3), and 1692(e)(10).

**Violations of the Fair Debt Collection Practices Act brought by Each Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

66. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

67. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

68. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

69. This cause of action is brought on behalf of Plaintiff and the members of a class.

70. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the Defendant; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. § 1692e, 1692e(5), 1692e(10) and 1692e(11).

71. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

72. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

73. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

74. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

75. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

76. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

Dated: Nassau, New York
        January 28, 2018

/s/ Jacob Silver
_____
Jacob Silver
Attorney At Law
237 Club Dr.
Woodmere, NY 11598
(718) 855-3835
(718) 534-0057 – Fax
silverbankruptcy@gmail.com