UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL PADMORE and
BEATRIZ MERCADO and
JENNIFER ESPINAL on behalf
of himself and herself and
all other similarly situated consumers,

               Plaintiffs,

- against -

MILLER & MILONE, P.C.,

               Defendant.

Civil Action No. 18 cv 588 (ARR-RER)

**ANSWER TO AMENDED COMPLAINT**

    Defendant, Miller & Milone P.C. ("Defendant"), by its attorneys, Mound Cotton Wollan & Greengrass LLP, responds to Plaintiffs' Amended Complaint as follows:

    1.    Denies the allegations contained in paragraph 1 of the Amended Complaint.

## PARTIES

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

    4.    Admits the allegations contained in paragraph 4 of the Amended Complaint.

    5.    Admits Defendant is regularly engaged, for profit, in the collection of debts and denies the remainder of the allegations contained in paragraph 5 of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

## Jurisdiction and Venue

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

## Nature of the Action

24. Denies the truth of each and every allegation contained in paragraph 24 of the Amended Complaint.

25. Denies the truth of each and every allegation contained in paragraph 25 of the Amended Complaint.

26. Denies the truth of each and every allegation contained in paragraph 26 of the Amended Complaint.

## Violations of the Fair Debt Collection Practices Act
## Allegations Particular to Each Plaintiff

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

### **First Count - Plaintiff Michael Padmore**
### **Violation of 15 U.S.C. § 1692(e), 1692 (e)(3), and 1693 (e)(10)**

34. Defendant repeats, reiterates and realleges each and every denial and denial asserted upon information and belief in response to paragraphs 1 through 34 of the Plaintiffs' Amended Complaint as if the same were repeated verbatim at length herein.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

37. Denies the truth of each and every allegation contained in paragraph 37 of the Amended Complaint.

38. Denies the truth of each and every allegation contained in paragraph 38 of the Amended Complaint.

39. Denies the truth of each and every allegation contained in paragraph 39 of the Amended Complaint.

40. Denies the truth of each and every allegation contained in paragraph 40 of the Amended Complaint.

41. Denies the truth of each and every allegation contained in paragraph 41 of the Amended Complaint.

42. Denies knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

46. Denies the truth of each and every allegation contained in paragraph 46 of the Amended Complaint.

47. Denies the truth of each and every allegation contained in paragraph 47 of the Amended Complaint.

48. Denies the truth of each and every allegation contained in paragraph 48 of the Amended Complaint.

49. Denies the truth of each and every allegation contained in paragraph 49 of the Amended Complaint.

50. Denies the truth of each and every allegation contained in paragraph 50 of the Amended Complaint.

51. Denies the truth of each and every allegation contained in paragraph 51 of the Amended Complaint.

52. Denies the truth of each and every allegation contained in paragraph 52 of the Amended Complaint.

53. Denies the truth of each and every allegation contained in paragraph 53 of the Amended Complaint.

54. Denies the truth of each and every allegation contained in paragraph 54 of the Amended Complaint.

55. Denies the truth of each and every allegation contained in paragraph 55 of the Amended Complaint.

56. Denies the truth of each and every allegation contained in paragraph 56 of the Amended Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

58. Denies the truth of each and every allegation contained in paragraph 58 of the Amended Complaint.

59. Denies the truth of each and every allegation contained in paragraph 59 of the Amended Complaint.

60. Denies the truth of each and every allegation contained in paragraph 60 of the Amended Complaint.

### Second Count - Plaintiff BEATRIZ MERCADO
### Violation of 15 U.S.C. § 1692(e), 1692(e)(3), and 1692(e)(10)

61. Defendant repeats, reiterates and realleges each and every denial and denial asserted upon information and belief in response to paragraph 1 through 61 of the Plaintiffs' Amended Complaint as if the same were repeated verbatim at length herein.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

64. Denies the truth of each and every allegation contained in paragraph 64 of the Amended Complaint.

65. Denies the truth of each and every allegation contained in paragraph 65 of the Amended Complaint.

66. Denies the truth of each and every allegation contained in paragraph 66 of the Amended Complaint.

67. Denies the truth of each and every allegation contained in paragraph 67 of the Amended Complaint.

68. Denies the truth of each and every allegation contained in paragraph 68 of the Amended Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

73. Denies the truth of each and every allegation contained in paragraph 73 of the Amended Complaint.

74. Denies the truth of each and every allegation contained in paragraph 74 of the Amended Complaint.

75. Denies the truth of each and every allegation contained in paragraph 75 of the Amended Complaint.

76. Denies the truth of each and every allegation contained in paragraph 76 of the Amended Complaint.

77. Denies the truth of each and every allegation contained in paragraph 77 of the Amended Complaint.

78. Denies the truth of each and every allegation contained in paragraph 78 of the Amended Complaint.

79. Denies the truth of each and every allegation contained in paragraph 79 of the Amended Complaint.

80. Denies the truth of each and every allegation contained in paragraph 80 of the Amended Complaint.

81. Denies the truth of each and every allegation contained in paragraph 81 of the Amended Complaint.

82. Denies the truth of each and every allegation contained in paragraph 82 of the Amended Complaint.

83. Denies the truth of each and every allegation contained in paragraph 83 of the Amended Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

85. Denies the truth of each and every allegation contained in paragraph 85 of the Amended Complaint.

86. Denies the truth of each and every allegation contained in paragraph 86 of the Amended Complaint.

87. Denies the truth of each and every allegation contained in paragraph 87 of the Amended Complaint.

### Third Count - Plaintiff JENNIFER ESPINAL
### Violation of 15 U.S.C. § 1692(e), 1692(e)(3),
### and 1692(e)(10)

88. Defendant repeats, reiterates and realleges each and every denial and denial asserted upon information and belief in response to paragraph 1 through 88 of the Plaintiffs' Amended Complaint as if the same were repeated verbatim at length herein.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

91. Denies the truth of each and every allegation contained in paragraph 91 of the Amended Complaint.

92. Denies the truth of each and every allegation contained in paragraph 92 of the Amended Complaint.

93. Denies the truth of each and every allegation contained in paragraph 93 of the Amended Complaint.

94. Denies the truth of each and every allegation contained in paragraph 94 of the Amended Complaint.

95. Denies the truth of each and every allegation contained in paragraph 95 of the Amended Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

100. Denies the truth of each and every allegation contained in paragraph 100 of the Amended Complaint.

101. Denies the truth of each and every allegation contained in paragraph 101 of the Amended Complaint.

102. Denies the truth of each and every allegation contained in paragraph 102 of the Amended Complaint.

103. Denies the truth of each and every allegation contained in paragraph 103 of the Amended Complaint.

104. Denies the truth of each and every allegation contained in paragraph 104 of the Amended Complaint.

105. Denies the truth of each and every allegation contained in paragraph 105 of the Amended Complaint.

106. Denies the truth of each and every allegation contained in paragraph 106 of the Amended Complaint.

107. Denies the truth of each and every allegation contained in paragraph 107 of the Amended Complaint.

108. Denies the truth of each and every allegation contained in paragraph 108 of the Amended Complaint.

109. Denies the truth of each and every allegation contained in paragraph 109 of the Amended Complaint.

110. Denies the truth of each and every allegation contained in paragraph 110 of the Amended Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

112. Denies the truth of each and every allegation contained in paragraph 112 of the Amended Complaint.

113. Denies the truth of each and every allegation contained in paragraph 113 of the Amended Complaint.

114. Denies the truth of each and every allegation contained in paragraph 114 of the Amended Complaint.

**Alleged Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

A. Defendant repeats, reiterates and realleges each and every denial and denial asserted upon information and belief in response to paragraphs 1 through 114 and A of the Plaintiffs' Amended Complaint as if the same were repeated verbatim at length herein.

B. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph B of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

C. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph C of the Amended Complaint, and in addition, states that the contents of the documents referred to therein speak for themselves.

D. Denies the truth of each and every allegation contained in paragraph D of the Amended Complaint.

E. Denies the truth of each and every allegation contained in paragraph E of the Amended Complaint.

F. Denies the truth of each and every allegation contained in paragraph F of the Amended Complaint, including subparagraphs 1-5.

G. Denies the truth of each and every allegation contained in paragraph G of the Amended Complaint.

H. Denies the truth of each and every allegation contained in paragraph H of the Amended Complaint.

I. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph I of the Amended Complaint and refers all questions of law to the trial court for judicial determination.

J. Denies the truth of each and every allegation contained in paragraph J of the Amended Complaint.

K. Denies the truth of each and every allegation contained in paragraph K of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR ANSWERING DEFENDANT'S**
**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint fails to state a valid cause of action upon which relief may be granted.

**AS AND FOR ANSWERING DEFENDANT'S**
**SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs' Amended Complaint is not supported by documentary evidence.

**AS AND FOR ANSWERING DEFENDANT'S**
**THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, the causes of action asserted in the Plaintiffs' Amended Complaint against the Answering Defendant are barred in whole or in part by the doctrine of estoppel.

### AS AND FOR ANSWERING DEFENDANT'S
### FOURTH AFFIRMATIVE DEFENSE

If Plaintiffs have incurred any damages herein, which claim is expressly denied, such damages are the result of his and/or her own culpable conduct.

### AS AND FOR ANSWERING DEFENDANT'S
### FIFTH AFFIRMATIVE DEFENSE

Defendant did not violate, in whole or in part, any provision of the FDCPA.

### AS AND FOR ANSWERING DEFENDANT'S
### SIXTH AFFIRMATIVE DEFENSE

To the extent a violation of any provision of 15 USC §1692 occurred, which violation is expressly denied, such violation was not intentional and resulted from a *bona fide* error notwithstanding reasonable procedures adopted to avoid any such error.

### AS AND FOR ANSWERING DEFENDANT'S
### SEVENTH AFFIRMATIVE DEFENSE

To the extent a violation of any provision of 15 USC §1692 occurred, which violation is expressly denied, such violation was the result of acts of non-agents, or agents acting outside the scope of their authority.

### AS AND FOR ANSWERING DEFENDANT'S
### EIGHTH AFFIRMATIVE DEFENSE

The instant action is barred by the expiration of the applicable statute of limitations.

### AS AND FOR ANSWERING DEFENDANT'S
### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded by the doctrine of waiver and estoppel.

### AS AND FOR ANSWERING DEFENDANT'S
### TENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate his and/or her damages.

WHEREFORE, Defendant Miller & Milone P.C. demands judgment in its favor dismissing the Amended Complaint in its entirety, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 22, 2018

                                          MOUND COTTON WOLLAN
                                            & GREENGRASS LLP

                                          By _____/s/_____
                                              Wendy B. Shepps
                                          Attorneys for Defendant
                                          One New York Plaza
                                          New York, New York 10004
                                          212-804-4200
                                          wshepps@moundcotton.com

TO:

Jacob Silver
Attorney for Plaintiffs
237 Club Drive
Woodmere, New York 11598
718-855-3835