# Mound Cotton Wollan & Greengrass LLP

Counsellors at Law

One New York Plaza
New York, NY 10004-1901

(212) 804-4200
FAX (212) 344-8066
www.moundcotton.com

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
FORT LAUDERDALE, FL
SAN FRANCISCO, CA

WENDY B. SHEPPS
973-494-0606
wshepps@moundcotton.com

June 26, 2018

**VIA ECF**
Hon. Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: **Michael Padmore, et al v. Miller & Milone, P.C.**
> **Case No. 18 cv 588 (ARR-RER)**

Dear Judge Ross:

My firm represents Defendant Miller & Milone P.C. ("Miller & Milone"), in the above-referenced action. I write pursuant to the Court's Individual Rules to request a Pre-Motion Conference ahead of Miller & Milone's planned motion for summary judgment pursuant to FRCP 56.

Plaintiffs brought this suit as a class action alleging violation of the Fair Debt Collection Practices Act on behalf of all parties who were sent a communication on the letterhead of Miller & Milone, PC. "from one year before the date of the Complaint in the instant action, to the present".

This matter stems from the respective Plaintiffs' receipt of medical treatment at The New York and Presbyterian Hospital. None of the Plaintiffs deny receiving medical treatment and failing to pay an outstanding balance for the services received. According to the documents annexed to the Amended Complaint, Plaintiff Mercado had an outstanding balance of $282.70; Plaintiff Padmore owed $359.66; and Plaintiff Espinal owed $1,473.18 to The New York and Presbyterian Hospital for the services rendered. The allegations in Plaintiffs' Complaint as against Defendant Miller & Milone are limited to claims of violation of the Fair Debt Collection Practices Act (FDCPA), specifically 15 U.S.C. §§1692e, 1692e(3) and (10).

Defendant Miller & Milone is a law firm with its Corporate Headquarters located at 100 Quentin Roosevelt Boulevard, Garden City, New York. Miller & Milone was retained by NYPH to attempt to collect upon the outstanding debts owed by the respective Plaintiffs. Miller & Milone contacted the Plaintiffs via letter.

The respective letters did not threaten litigation or even request payment of the outstanding debt. Instead, in the respective communications, Miller & Milone inquired of each Plaintiff whether he or she had "any insurance or other payment information that may assist us in

resolving this matter". In the correspondence to the respective Plaintiffs, the Defendant further inquired as to whether each "would like this hospital service to be considered for one of the Hospital's Financial Programs or Charity Care Programs."

The FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debts". 15 U.S.C. 1692e. The sixteen subsections of the Rule set forth a list of such prohibited practices. Plaintiffs allege in the instant action, that the Defendant law firm violated 15 U.S.C. 1692 subsections 3 and 10, which prohibit:

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

As the subject letters sent from the Defendant to each Plaintiff were sent on the letterhead of the law firm Miller & Milone, Defendant does not refute that the letter would have given the debtor the impression that the letter was a communication from an attorney. The letters, however, do not connote actual attorney involvement in the collection process. None of the letters are signed by an attorney and, in fact, do not even seek collection of the debt.

As the Second Circuit held in *Grecco v. Trauner, Cohen & Thomas, L.L.P.*, not all collection letters are the same and a court assessing whether a letter violates the FDCPA must assess "the letter's content and presentation" and the "implied" level of attorney involvement. *Grecco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005).

It is irrefutable that the content of the subject letters do not connote actual attorney involvement in the collection process, and thus, the respective letters satisfy the FDCPA requirements. The letters are not signed by an attorney and, in fact, do not even seek collection of the debt. Each letter was short and straightforward and did not contain any language such as "claims", "litigation", "valid legal defenses" or any other language that would suggest impending litigation or that some action would be taken. Thus, Defendant is entitled to summary judgment.

Further, while the letters do not connote actual attorney involvement, if the Defendant's application is granted, attorney Christina Milone, an attorney admitted to practice law in the State of New York since 1993 and a named partner in the Defendant law firm will submit an affidavit in support of Defendant's motion for summary judgment. In the affidavit, she will attest to her personal and substantial involvement in the collection process at the Defendant law firm which satisfies the requirements for meaningful professional involvement by an attorney pursuant to the FDCPA.

While the Second Circuit has held that some meaningful professional involvement by an attorney is required under the FDCPA, so as not to mislead an unsophisticated consumer into believing that a dunning letter on an attorney letterhead was from an attorney, the Second Circuit has not yet set forth the minimum level of review required. See generally, *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

The case in New York which most clearly sets forth what is required for an attorney to satisfy the meaningful involvement standard was rendered in favor of the Defendant herein, Miller & Milone. In the case of *Mizrahi v. Network Recovery Services, Inc.*, Judge Korman in granting Defendant's motion for summary judgment held that Ms. Milone's involvement in the collection process on behalf of her firm Miller & Milone, satisfies the requirements of the FDCPA as interpreted by case law. Judge Korman held that the collection letter sent by Miller & Milone was "from the defendant [Miller & Milone] in every meaningful sense of that word." *Mizrahi v. Network Recovery Services, Inc.*, 98-CV-4528, 1999 WL 33127737 (E.D.N.Y. Nov. 5, 1999).

If Defendant's application is granted, Ms. Milone will set forth her duties in the patient accounts department of the firm, which includes supervising all the staff and personnel at her office, including review of the mail process, training and supervising of the employees, answering telephone calls from debtors, when necessary, meeting with debtors at her office and specifically includes reviewing the information provided by the creditor hospital pertaining to each matter which is referred to her firm for collection. Following her personal review of information related to each debtor for whom she is referred a collection matter, she uses her own professional judgment as an attorney to determine when and to whom correspondence from her firm is to be sent.

Ms. Milone, was personally involved in the preparation of the form of the letter which was sent to each of the Plaintiffs named in the instant action regarding the debts owed by each to the hospital. The subject letter was sent on the letterhead of Miller & Milone and was sent to each Plaintiff debtor by the firm itself. The correspondence from Miller & Milone to the Plaintiffs herein, was not in violation of the FDCPA, because attorney, Christine Milone, the CEO of the Defendant firm was meaningfully involved in the collection process. Particularly given the non-threatening brief form and content of the letters sent by the Defendant law firm to each Plaintiff, it is respectfully submitted that, if the Court determines that the attorney involvement was required prior to the forwarding of the subject letters to the Plaintiffs, that the Defendant more than satisfied the required level of attorney involvement.

There are no issues of fact to support Plaintiffs' claim that the Defendant violated the FDCPA by sending the respective Plaintiffs the letters annexed to the Complaint. Accordingly, Defendant is entitled to summary judgment and Plaintiffs' Complaint, including the class allegations, should be dismissed in their entirety as a matter of law.

Based on the foregoing arguments, Defendant respectfully requests leave to move for summary judgment dismissing Plaintiffs' Complaint in its entirety as a matter of law pursuant to FRCP 56.

Respectfully submitted,

MOUND COTTON WOLLAN & GREENGRASS LLP

s/ Wendy B. Shepps

Wendy B. Shepps

cc: Counsel for Plaintiff (via ECF)